LUCY CABIELES, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Cabieles v. Commissioner
Docket No. 13651-79.
United States Tax Court
T.C. Memo 1982-421; 1982 Tax Ct. Memo LEXIS 331; 44 T.C.M. (CCH) 587; T.C.M. (RIA) 82421; July 26, 1982. Lucy Cabieles, pro se. Marc J. Winter, for the respondent. FEATHERSTON
MEMORANDUM FINDINGS OF FACT AND OPINION *332 FEATHERSTON, Judge: Respondent determined a deficiency in the amount of $7,739 in petitioner's Federal income tax for 1975, together with an addition to tax under section 6651(a) [1] in the amount of $1,674. The determined deficiency was based on numerous adjustments but, prior to the closing of the trial record, the parties agreed on the disposition of all except the two following issues: 1. Whether petitioner is entitled to a deduction in the amount of $360 for alleged legal and professional expenses; and 2. Whether petitioner is entitled to a deduction in the amount of $1,778.91 (over and above the amount allowed by respondent) for education-seminar expenses. FINDINGS OF FACT When the petition was filed, petitioner was a legal resident of Los Angeles, California. She filed her Federal income tax return for 1975 with the Internal Revenue Service, Fresno, California. During 1975, petitioner, a dentist, operated a sole proprietorship known as "Carson Dental Clinic" in Carson, California. She reported her income from the clinic *333 on Schedule C of her 1975 return and used the cash method of accounting. 1. Legal Fees
On line 12 of Schedule C of her 1975 income tax return, petitioner claimed as a deduction legal and professional fees in the amount of $3,560. Respondent has conceded that petitioner is entitled to a deduction for legal fees in the amount of $3,200, leaving $360 in dispute. On September 29, 1975, and October 15, 1975, petitioner issued checks to John Paul Shaby (Shaby) in the amounts of $114 and $120, respectively. The checks were issued to compensate him for his services in arranging for the eviction of a tenant who occupied space which petitioner needed for use as a laboratory for her clinic. 2. Education Expenses
On line 19 of Schedule C of her 1975 income tax return, petitioner claimed a deduction in the amount of $2,731 as expenses allegedly incurred for "Education-Seminars." In the notice of deficiency respondent disallowed $2,565 of the amount claimed, thus allowing $166 as a deduction. At trial respondent conceded that petitioner is entitled to a further deduction for education-seminar expenses in the amount of $786.09, leaving $1,778.91 in dispute. The Dental *334 Board of Examiners for the State of California (California Dental Board) requires that a dentist licensed to practice in California attend a certain number of hours of continuing dental education classes each year. Courses taken outside the State of California do not satisfy this requirement. During 1975, petitioner attended a dental seminar in San Francisco, California. The education expenses conceded by respondent includes $146.09, the amount of the hotel costs incurred for this seminar. Respondent did not allow any deduction for food or transportation expenses incurred in connection with that seminar. Petitioner incurred deductible automobile transportation expenses in the amount of $117 (780 miles (round trip) X 15") in traveling to and from San Francisco for the seminar. During 1975, petitioner made two trips to Bogota, Colombia. Because petitioner was born and reared in Colombia, she had many friends and relatives in that country. Her first trip in 1975 to Bogota was for a period of one week beginning February 25, 1975. Her second trip was in June 1975. The latter trip was in connection with her father's illness. On her trip beginning in February 1975, petitioner *335 was accompanied by her then husband, Carlos B. Manlapaz, who was not licensed to practice as a dentist in California in 1975. The airline ticket for each of them cost $495, and petitioner rented an automobile at a cost of $108.73. The expenses claimed as deductions for this trip included the expenses incurred for her husband as well as herself. On this trip, they visited friends and relatives. ULTIMATE FINDINGS OF FACT 1. Petitioner incurred and is entitled to deductions for additional legal and professional fees in the amount of $234. 2. Petitioner is entitled to an additional educational expense in the amount of $117 over and above the amounts allowed or conceded by respondent. Petitioner has failed to establish that she is entitled to any further educational expense deductions. OPINION 1. Legal Fees
Petitioner introduced canceled checks showing payment of $234 to an attorney and testified that the checks were given to compensate him for services in evicting a tenant from space needed for a laboratory for her clinic. Respondent's only argument is that petitioner failed to document her ownership of real property interests entitling her to an eviction and *336 the fact that the payee was an attorney. We think petitioner's oral testimony sufficies. Legal expenses for such purpose constitute "ordinary and necessary expenses" within the meaning of section 162(a). One of the checks refers on its face to the payee as an attorney. [2] We hold that petitioner is entitled to a deduction in the amount stated. 2. Educational Expenses
Section 1.162-5(a), Income Tax Egs., allows a deduction for expenses for education that maintains or improves skills required by an individual in his employment or other trade or business. Petitioner contends that she incurred the disputed education expenses in maintaining and improving her skills as a dentist. Respondent maintains that no education expense deduction over and above the amounts allowed or conceded has been substantiated. Respondent has conceded a deduction of $146.09 as the cost incurred for petitioner's hotel room while attending the San Francisco seminar. The record is not clear as to whether any of the additional allowed amounts were attributable to this seminar, *337 but the allowability of only food and automobile transportation are disputed. The food expense for this stay in San Francisco is subject to the substantiation requirements of section 274(d), [3] and petitioner has offered no records to substantiate the fact, amount, or place of the expenses. We are compelled to hold that her proof is insufficient. As to the automobile transportation costs, in 1975 the simplified optional method for computing automobile expenses allowed a taxpayer a deduction in the amount of 15 cents per mile for the business use of his automobile. Rev. Proc. 74-23, 1974-2 C.B. 476. On this basis, our findings reflect an allowable deduction of $117 for the 780-mile round trip from Los Angeles to San Francisco for the education seminar. No other adequate substantiation was offered. [4]
*338 Petitioner's claimed deduction for the Bogota trip is not allowable. Because this trip involved petitioner's travel to her homeland, accompanied by her husband, and a visit with friends and relatives, the claimed deduction requires careful scrutiny. We do not think petitioner has shown that the trip was an ordinary or necessary expense of her business. Petitioner maintains that she traveled to Bogota to study a dental practice--"preventable frontinal orthodontics"--not recognized in the United States. The record contains no information other than petitioner's generalized description of the nature and content of the course. Petitioner offered no brochures, pamphlets, or other description of the course or any canceled receipts. Indeed, the record contains no confirmation of any kind that the course was given or taken by petitioner.The alleged study, concededly, was not creditable toward the continuing dental education program prescribed by the California Dental Board. We are not convinced that the purpose of the Colombia trip was to take a course that maintained or improved the skills required in petitioner's dental practice within the meaning of section 1.162-5(a), Income *339 Tax Regs.
Moreover, the only documentation supporting any of the claimed expenses, see sec. 274(d), supra at fn. 3, is the airplane ticket and papers for the rental of an automobile. The claimed airfare, petitioner admitted, covered tickets for both herself and her husband. Her husband also used the rented automobile. All other alleged costs were based on gross estimates. Further, some of the expense claims appear to be mixed with a later Bogota trip in June 1975 in connection with her father's illness. Petitioner has not carried her burden of showing that the costs of the Bogota trip are deductible. Welch v. Helvering,290 U.S. 111 (1933). To reflect the foregoing, Decision will be entered under Rule 155.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as in effect during the tax year in issue, unless otherwise noted.↩
2. We take judicial notice of the fact that the payee is listed as an attorney in Martindale Hubbell Law Directory.↩
3. SEC. 274. DISALLOWANCE OF CERTAIN ENTERTAINMENT, ETC., EXPENSES. (d) Substantiation Required.--No deduction shall be allowed-- (1) under section 162 or 212 for any traveling expense (including meals and lodging while away from home), unless the taxpayer substantiates by adequate records or by sufficient evidence corroborating his own statement (A) the amount of such expense or other item, (B) the time and place of the travel, entertainment, amusement, recreation, or use of the facility, or the date and description of the gift, (C) the business purpose of the expense or other item, and (D) the business relationship to the taxpayer of persons entertained, using the facility, or receiving the gift. The Secretary may by regulations provide that some or all of the requirements of the preceding sentence shall not apply in the case of an expense which does not exceed an amount prescribed pursuant to such regultions. ↩
4. At one point petitioner was asked how much she spent for food and transportation on the San Francisco trip, and the colloquy was as follows: THE COURT: And how much is that? THE WITNESS: Well, I am requesting the rest of the expense to complete $2,565.00 [the total education expense deduction] that I put on my return.↩